UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 08 2019 ★

BROOKLYN OFFICE

-------------------------------------------------------------x

SCOTTSDALE INSURANCE COMPANY, as
successor in interest to WESTERN HERITAGE
INSURANCE COMPANY,

        **Plaintiff,**

        - against -

POPS & SON CONSTRUCTION, INC.,

        **Defendant.**

-------------------------------------------------------------x

**OPINION AND ORDER**

**18-cv-6311 (NG)(RML)**

**GERSHON, United States District Judge:**

Plaintiff Scottsdale Insurance Company, as successor in interest to Western Heritage
Insurance Company ("Scottsdale") filed this diversity action on November 7, 2018 pursuant to 28
U.S.C. § 2201 and Federal Rule of Civil Procedure 57, seeking a declaratory judgment that there
is no coverage afforded to defendant Pops & Son Construction, Inc. ("Pops & Son") under the
Scottdale Commercial General Liability Policy No. SCP1022872 issued to Pops & Son
("Scottsdale Policy") for the underlying subrogation claims alleged against Pops & Son; that
Scottsdale has no duty to defend or indemnify Pops & Son in two actions pending in the Supreme
Court of the State of New York for New York County entitled: (1) *Seneca Ins. Co. Inc. a/s/o
Stocked 1, LLC v. Pops & Son Constr., Inc. and Eva L. Brock*, Index No. 151978/2017 ("Seneca
Subrogation Action"); and (2) *Aspen Am. Ins. Co., a/s/o Eva L. Brock v. Stocked 1, LLC and Pops
& Son Constr., Inc.*, Index No. 515849/2017 ("Aspen American Subrogation Action"); and that
Scottsdale is entitled to withdraw its defense of Pops & Son. The Seneca Subrogation Action and
Aspen American Subrogation Action (collectively, "Subrogation Actions") arise from property

loss involving a fire at 635 Vanderbilt Avenue, Brooklyn, New York ("Premises") that occurred on July 5, 2016.

Scottsdale, via Western Heritage Insurance Company, issued the Policy to Pops & Son for the period of December 9, 2014 through December 9, 2015. The Scottsdale Policy provides that it "applies to 'bodily injury' and 'property damage' only if . . . . [t]he 'bodily injury' or 'property damage' occurs during the policy period. . . ." "Property damage" is further defined by the Scottsdale Policy as "[p]hysical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it."

Plaintiff alleges that Eva Brock owned the Premises and that, prior to July 5, 2016, she leased space at the Premises to Stocked 1, LLC. At some point prior to July 5, 2016, Stocked 1, LLC contracted with Pops & Son to have Pops & Son perform electrical work. A fire occurred on July 5, 2016 at the Premises, which the parties in the underlying Subrogation Actions allege was caused by Pops & Son's negligent electrical work. Scottsdale has thus far provided a defense to Pops & Son in the Subrogation Actions.

Scottsdale served Pops & Son with the summons and complaint in this action through the New York Secretary of State on November 16, 2018. Pops & Son's answer was due on December 7, 2018. Following Pops & Son's failure to appear or answer the complaint, the Clerk of Court entered a certificate of default on March 14, 2019, and plaintiff moved for default judgment on March 18, 2019. In its motion for default judgment, plaintiff argues that coverage under the Scottsdale Policy ended seven months prior to the property damage alleged in the Subrogation

Actions, and, therefore, the Scottsdale Policy provides no coverage to Pops & Son for claims arising from the fire on July 5, 2016.

## DEFAULT JUDGMENTS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "A default ... only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 Fed. App'x 54, 56 (2d Cir. 2013); *LG Funding, LLC*, 2015 WL 4390453, at *2.

## DISCUSSION

Despite being properly served, Pops & Son has failed entirely to participate in this action since it was served on November 16, 2018. Nevertheless, "prior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Mickalis Pawn Shop, LLC,* 645 F.3d at 137 (alterations in original) (internal quotation omitted). Having reviewed the complaint, the exhibits to the complaint, and the additional exhibits annexed to the motion for default judgment, I find that the factual allegations provided in the complaint, accepted as true, provide a proper basis for liability and relief. Under these allegations, Scottsdale is entitled to a declaratory judgment that the loss alleged did not occur during the policy period, and therefore, there is no coverage afforded to Pops & Son for the claims under the Scottsdale Policy.

## CONCLUSION

For the foregoing reasons, Scottsdale's motion for default judgment is granted as against Pops & Son. The court therefore enters a declaratory judgment for Scottsdale to the effect that: (1) there is no coverage afforded to Pops & Son under the Scottsdale Commercial General Liability Policy No. SCP1022872 issued to Pops & Son for the underlying subrogation claims alleged against it because the loss did not occur within Scottsdale's policy period; and (2) there is no duty to defend or indemnify Pops & Son for any claims asserted in the subject subrogation actions. [1]

---

[1] Plaintiff also sought a declaratory judgment stating that it may withdraw as counsel for Pops & Son in the Subrogation Actions pending in state court. Such a request is more properly addressed to the judges in the Subrogation Actions, in accordance with state court procedures for withdrawing representation.

The Clerk of Court is respectfully directed to enter judgment for Scottsdale accordingly, to terminate the motion pending at docket number 10, and to close the action.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

July 2, 2019
Brooklyn, New York